**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**DERRICK D. ADKINS**                                                             **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:08CV-P603-M**

**KIMBERLY LADONNA CARWILE**                                   **DEFENDANT**

**MEMORANDUM OPINION**

Derrick D. Adkins filed this *pro se* civil complaint. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

**I.**

Plaintiff, who is incarcerated at the Northpoint Training Center in Burgin, Kentucky, files suit against Kimberly LaDonna Carwile. The summons attached to Plaintiff's complaint indicates that Defendant resides in Elizabethtown, Kentucky. According to the complaint, Defendant filed a false criminal complaint against Plaintiff that led to him being charged with attempted murder. After Defendant informed the Commonwealth Attorney that "she would not show up to testify, the charges were finally dropped." As a result of the allegedly false charges, Plaintiff is seeking compensatory and punitive damages.

**II.**

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power

authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

### III.

Plaintiff has failed to meet his burden. First, under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). From Plaintiff's complaint, it appears that both he and Defendant are citizens of Kentucky for purposes of diversity jurisdiction. Consequently, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

Additionally, under the federal-question statute, codified at 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff filed his complaint using a 42 U.S.C. § 1983 form. Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute . . . of any State. . . subjects, or causes to be subjected, any citizen . . . to the

2

deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Thus, to be entitled to relief under § 1983, the Plaintiff must show that Defendant Carwile deprived him of a right secured by the Constitution or federal law, and that the deprivation occurred "under color of state law." Making a police report does not transform a private citizen into a state actor. *See Woods v. Valentino*, 511 F. Supp. 2d 1263, 1274 (M.D. Fla. 2007). Thus, Plaintiff has not shown that Defendant Carwile acted "under color of state law."

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Since even a liberal reading of the complaint leads this Court to conclude that Plaintiff

has failed to establish this Court's jurisdiction, the instant action must be dismissed.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*

4414.008